HOBSON, Acting Chief Judge.
Appellant, defendant below, appeals a summary judgment directing it to execute and deliver a satisfaction of mortgage to the- appellee. The appellee executed a promissory note and mortgage to appellant in the amount of $3,400,000. The proceeds from the note were to be used for the construction of Phase I of what was to be a three-phase development. Simultaneously with the execution of a note and mortgage, appellee and appellant executed a loan agreement. This loan agreement was made a part of a mortgage by reference.
Subsequently, the appellee tendered to the appellant the principal balance due on the mortgage with accrued interest and requested a satisfaction thereof. The appellant refused to execute and deliver a satisfaction of the mortgage on the ground that under paragraph 34 (t) of the loan agreement it was entitled to liquidated damages for the failure of the appellee to give the appellant a right of first refusal to finance the construction of Phase II and Phase III of the development.
Paragraph 34(t) of the loan agreement reads as follows:
“It is anticipated that BORROWER will develop portions of the above described Property in two (2) additional Phases, identified as Phases II and III for the purposes of this Loan Agreement. In addition to the payment of $250,000.00 for each of said releases, as is set forth in Exhibit ‘D,’ it is understood and agreed that BORROWER will pay to LENDER a fee of Thirty Thousand Dollars ($30,000.00) for each phase to be released, or one per cent (1%) of the actual construction loan required to develop Phases II and III, whichever is greater. Full credit will be given to the Commitment fees which may be imposed for Phase II and Phase III construction loans, if said loans are made by the LENDER. These release fees shall be considered liquidated damages should the LENDER not be given first right of refusal for a bankable construction loan for the Phase II and Phase III buildings. A comparable package as is outlined in the LENDER’S Letter of Commitment, dated January 24, 1973, shall be deemed a bankable package, as meeting the requirements of this condition.”
The appellee contended, and the trial court agreed, that paragraph 34 (t) should not be considered where the appellee tendered to appellant the entire principal balance due, together with accrued interest thereon. Paragraph 34 (t) is clear and unambiguous that it would only apply in the event appellee sought releases from the mortgage of the real property composing Phase II and/or Phase III of the planned development. There being no releases sought by appellee, the trial court was eminently correct in entering summary judgment for appellee.
AFFIRMED.
GRIMES and SCHEB, JJ., concur.